IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KODIAK

MICHAEL JOHN FRICCERO and
GINA PERU FRICCERO,

      Plaintiffs,

vs.

ERIC WILLIAM FRICCERO, and
IN REM $142,100

      Defendants.

COMPLAINT

Case No. 3KO-14-   CI

COMES NOW, Plaintiff, MIKE and GINA FRICCERO, by and though counsel of record, Law Office of Jill Wittenbrader, LLC and alleges against Defendant, ERIC FRICCERO, as follows:

1. Plaintiffs Mike and Gina Friccero are residents of Kodiak, Alaska.
2. Eric Friccero is a resident of Alaska.
3. The events herein alleged occurred in Kodiak, Alaska.
4. The Alaska Superior Court at Kodiak, Alaska has jurisdiction over the claims as stated herein, and over the parties.
5. This complaint alleges injuries and damages in amounts to be established, but that will exceed $50,000.00.

### Plaintiff's Preliminary Statement of Facts

6. On or about May 8, 2008 the Plaintiffs and Defendant entered into an agreement to transfer a Bristol Bay Drift Permit into the defendant's name. The agreement provided that the permit was a family asset, held for the

*Friccero v. Friccero/In Rem $142,100*
Case No. 3KO-14-   CI
Complaint
Page 1 of 6

Exhibit C
Page 1 of 8 Pages

Case 3:14-cv-00112-SLG Document 1-3 Filed 06/12/14 Page 1 of 8

benefit of all family members, and that if the permit were to be sold Eric Friccero would pay fair market value for the permit. Exhibit 1.

7. After the signing of the May 8, 2008 agreement Eric Friccero continued to fish Bristol Bay with his family.

8. During the 2013 fishing season Eric began to display sign of mental instability and later that year he began to disassociate from his family.

9. Without telling his family, Eric listed the permit for sale; it was sold through a broker in the State of Washington in the spring of 2014.

10. After the permit sold Eric informed his family that he had sold the permit and stated his intention to keep the monies from the sale so he could buy a house and begin a marijuana growing operation in the State of California. Eric told his parents that was doing so because they were "shitty parents".

11. The Plaintiffs brought an action in the State of Washington. The Washington State Superior Court heard the matter and ordered that the funds from the sale of the permit be held in the Court Registry. The Washington court then dismissed the action without prejudice, noting that the law of the State of Alaska governs the matter. The Washington court is holding the funds for thirty (30) days so that the parties can ask the State of Alaska to take possession of the proceeds of the sale of the permit.

12. If the State of Alaska does not take possession of the proceeds the proceeds will be given to Eric Friccero after the thirty (30) day period.

*Friccero v. Friccero/In Rem $142,100*
Case No. 3KO-14-      CI
Complaint
Page 2 of 6

Exhibit __C__
Page __2__ of __6__ Pages

Case 3:14-cv-00112-SLG   Document 1-3   Filed 06/12/14   Page 2 of 8

## FIRST CLAIM FOR RELIEF:

### Constructive Trust

13. Defendant is plaintiffs' son, and at all times prior to and at the time of the permit transfer, the most confidential relations existed between the plaintiffs and defendant; plaintiffs placed great trust and confidence in their son and relied heavily upon the close, trusting and confidential relationship with their son. At all times plaintiffs believed that their son would deal fairly with them and other family members and that their son would never abuse the close trusting and confidential relationship between himself and other family members.

14. This close, trusting and confidential relationship induced the permit transfer to the defendant. The parties' intent with respect to the permit transfer is outlined in the May 8, 2008 agreement signed by defendant and Gina Friccero.

15. There was never any true consideration paid by Eric Friccero; the only consideration paid by him was the trust and confidence that plaintiffs reposed in him.

16. Plaintiffs would not have transferred the permit into his name had they believed he would breach this trust and confidence and defraud the family unit by breaching this trust and confidence.

17. The facts alleged above created a constructive trust

*Friccero v. Friccero/In Rem $142,100*
Case No. 3KO-14-     CI
Complaint
Page 3 of 6

Exhibit C
Page 3 of 8 Pages

Case 3:14-cv-00112-SLG   Document 1-3   Filed 06/12/14   Page 3 of 8

## SECOND CLAIM FOR RELIEF:

### Breach of Contract

18. Plaintiff realleges Paragraphs 1-17 of the complaint as stated *supra* and further alleges as follows.

19. At all times pertinent herein Plaintiffs performed their stipulations, conditions, agreements and duties under the May 8, 2008 written agreement.

20. Defendant has failed to and refuses to perform his contractual obligations under the May 8, 2008 written agreement by refusing to pay plaintiff(s) the fair market value of the permit as required by paragraph (e) of the contract.

## THIRD CLAIM FOR RELIEF:

### Promissory and Equitable Estoppel

21. Plaintiff realleges Paragraphs 1-20 of the complaint as stated *supra* and further alleges as follows.

22. Defendant's actions led Plaintiff to reasonably and justifiably rely on his promises.

23. Defendant breached the implied covenant to act in good faith and fair dealing by failing to perform in the manner promised.

24. Defendant will be unjustly enriched if he is not required to provide payment to Plaintiffs.

## FOURTH CLAIM FOR RELIEF:

### Quantum Meruit

25. Plaintiff realleges Paragraphs 1-24 of the complaint as stated *supra* and further alleges as follows.

*Friccero v. Friccero/In Rem $142,100*
Case No. 3KO-14-      CI
Complaint
Page 4 of 6

Exhibit ___
Page ___ of ___ Pages

Case 3:14-cv-00112-SLG   Document 1-3   Filed 06/12/14   Page 4 of 8

Law Office of Jill Wittenbrader, LLC
506 Marine Way, Suite 3, Kodiak, AK 99615
Phone: 907-486-1004   Fax: 907 486-1014

26. Plaintiffs provided valuable goods, assets and services which enabled the defendant to fish the Bristol Bay Drift Net Permit in question since 2008, including, but not limited to, providing a vessel and gear for the fishing of said permit.

27. Defendant has not compensated the plaintiffs for these valuable goods, assets and services.

28. The reasonable value of these goods, assets and services exceeds $142,100.

## FIFTH CLAIM FOR RELIEF:

### Fraud/Misrepresentation

29. Plaintiff realleges Paragraphs 1-28 of the complaint as stated *supra* and further alleges as follows.

30. Defendants actions surrounding the sale of the permit and intentions for the proceeds there from constitute fraud.

**WHEREFORE**, the plaintiff prays for relief as follows:

1. Judgment declaring that the defendant holds the permit in trust for the plaintiffs and the family unit;

2. Judgment against Eric Friccero in favor of Gina Friccero in the amount of at least one hundred forty five thousand dollars ($145,000), the value of the permit;

2. Prejudgment interest, and costs and attorney's fees; and

3. For such further relief as the Court may deem just, proper, and equitable.

*Friccero v. Friccero/In Rem $142,100*
Case No. 3KO-14-    CI
Complaint
Page 5 of 6

Exhibit C
Page 5 of 8 Pages

Dated at Kodiak, Alaska, this 5th day of June, 2014.

Law Office of Jill Wittenbrader, LLC

Jill Wittenbrader
Attorney for Plaintiff
ABA No. 9211109

Law Office of Jill Wittenbrader, LLC
506 Marine Way, Suite 3, Kodiak, AK 99615
Phone: 907-486-1004  Fax: 907 486-1014

*Friccero v. Friccero/In Rem $142,100*
Case No. 3KO-14-    CI
Complaint
Page 6 of 6

Exhibit C
Page 6 of 8 Pages

original

May 7, 2008

The following is to document the agreement on the transfer of a Bristol Bay Permit by Mike and Gina Friccero into the name of their son, Eric Friccero. I, Eric Friccero do hereby acknowledge that by signing this document agree to the following:

    a. That my parents will put one Bristol Bay drift permit into my name.

    b. That this does not mean that this permit belongs to me, but does, in fact belong to my parents.

    c. That my parents are putting the permit in my name so that I may continue to fish Bristol Bay in the summers on the F/V Rainy Dawn.

    d. I agree to sign any and all documents that have to do with the Bristol Bay season, as directed by my Parents.

    e. That upon the need for my parents to sell the permit, I will agree to either buy it at fair market value, or to sign all documents allowing them to transfer the permit.

    f. I agree to stay each and every season for as long as my parents feel that it is necessary to complete said salmon season.

    g. Upon the event of my parent's death, I agree to provide my brother Destin Friccero with a job for as long as he wants it, at a 20% crew share.

Exhibit C
Page 7 of 8 Pages

**Exhibit 1**
Page 1 of 2

Page 2

h. Upon the event of my parents' death, I agree to see to it that the rest of the permits and boats that I don't keep are given to my sisters, either to fish or to sell and divide the monies between them. Should only one of my two sisters decide to fish, she must agree to buy out at fair market value to the other sister. If my boat is worth more than the other, I agree to compensate my sisters for the difference.

I enter into and agree to this agreement on this date.

_____  5-8-08
Eric Friccero                                    date

_____  5-08-08
Debra Lewis
Witness                                           date

_____  3-8-08
Gina Friccero                                  date

Exhibit C
Page 8 of 8 Pages

Exhibit 1
Page 2 of 2